RECEIVED 10/31/2022 LM
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JUDGE SHAH
MAGISTRATE JUDGE CUMMINGS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>BETO FOR TEXAS, BETO O'ROURKE, DEMOCRATIC VICTORY PAC, INC, and ACTBLUE LLC,<br><br>*Defendants*. | Case No. **1:22-CV-05998**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

FILED 11/2/2022 PH
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Plaintiff, Jorge Alejandro Rojas, ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Beto for Texas, Beto O'Rourke, Democratic Victory Pac, Inc, and ACTBLUE LLC ("Actblue"), (collectively "Defendants"), and alleges based on personal knowledge and information and belief:

## INTRODUCTION

1. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227 and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants which placed illegal, campaign-related pre-recorded and automated texts to Plaintiff's telephone number, which were not consented to.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

1

5. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.
6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

7. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
8. Defendant Beto for Texas has a mailing address of 13409 NW MILITARY HWY STE 300 SHAVANO PARK, TX 78231-1865 and a registered agent of CHRISTOPHER KOOB at the same address. Defendant Beto for Texas is the campaign organization with the purpose of electing Defendant Beto O'Rourke for governor.
9. Defendant BETO O'ROURKE is a candidate for governor of the state of Texas and has an address of 13409 NW MILITARY HWY STE 300 SHAVANO PARK, TX 78231-1865.
10. Defendant Democratic Victory PAC, Inc, ("Democratic PAC") is a Political Action Committee, and is located at 611 Pennsylvania Ave SE, # 143, Washington, DC 20003.
11. Defendant ACTBLUE LLC ("Actblue") is a Massachusetts entity with a principal address of 366 Summer St, Somerville, MA 02144 and registered agent of Erin Hill located at the same.
12. Defendants are each a person as defined by 47 U.S.C. § 153(39).
13. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).
15. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).
16. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156, (2016).

2

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:
    > [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).
18. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).
19. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.
20. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express written consent of the called party." This includes political calls. *See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules – Biennial Reminder for Pol. Campaigns About Robocalls & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016).

## ALLEGATIONS

21. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.
22. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.
23. Plaintiff is the account holder and customary user of his phone number.
24. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

25. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

26. **Calls 1, 2, and 3.** On or about October 20, 2022, at 4:57 PM Chicago time, Plaintiff received a text from Defendants, from 571-677-3204.

27. The text identified above stated "New York Times reports that Beto O'Rourke has closed in on Greg Abbott's lead in Texas. Beto is WITHIN TWO POINTS! We must have a massive surge of grassroots support to flip Texas BLUE. Beto can do it, can we count on you? Rush $35 to help and get your gift QUADRUPLE MATCHED until midnight! https://secure.actblue.com/donate/dvp-sms-help-democrats-win?refcode=102022_FULL&amount=35 Democratic Victory PAC Reply STOP to Quit."

28. The link in this text contained a footer of "Paid for by ActBlue (actblue.com) and not authorized by any candidate or candidate's committee."

29. The link in this text contained text of "Your contribution will benefit Democratic Victory PAC."

30. The above identified text was sent without an image, therefore the maximum message length is 160 characters. The above message was 362 characters, which indicates it is 3 separate text messages. While Plaintiff's phone presented these three texts as a single text, Plaintiff, upon information and belief, alleges these were five texts based on character count.

31. Defendants worked in concert to communicate messages regarding its political campaigns. To generate support for their campaigns and causes, Defendants relied upon their automated messages.

32. **Call 4.** On or about October 26, 2022, at 6:34 PM Chicago time, Plaintiff received a text from Defendants, from 571-243-2961.

33. The text identified above contained an image of Beto O'Rourke and the following text: "Beto is WITHIN TWO POINTS!  We must have a massive surge of grassroots support to flip Texas BLUE.  Beto can do it, can we count on you? Rush $40 to help get out the vote. 400% MATCH on all donations until midnight >> https://secure.actblue.com/donate/dvp-sms-help-democrats-win?refcode=102622_p2p_Full&amount=40 Democratic Victory STOP2Quit."

34. The link in this text contained a footer of "Paid for by ActBlue (actblue.com) and not authorized by any candidate or candidate's committee."
35. **Call 5.** On or about October 27, 2022, at 6:24 PM Chicago time, Plaintiff received a text from Defendants, from 301-304-7342.
36. The text identified above contained an image of Beto O'Rourke and the following text: "Jorge - it's Beto O'Rourke. We are approaching our very last fundraising deadline, and I really need your support right now. We've outraised Greg Abbott before – and now recent polls show this race is a statistical tie that's within the margin of error. But this is the final chance to reach Texas voters, including those voters who probably won't turn out to vote if we don't knock on their doors or reach them with our message. And if they don't vote, we don't win. Please pitch in now, before of our final fundraising deadline, to make sure we have the resources to reach every eligible voter: https://betoorourke.com/OctDeadline  With them, we'll have the margin of victory, defeat Greg Abbott, and be able to celebrate on the night of November 8th. Text STOP to quit."
37. The link in this text contained a footer of "Paid for by ActBlue (actblue.com) and not authorized by any candidate or candidate's committee."
38. "Reply STOP to Quit", "STOP2Quit", and "Text STOP to quit" are further indications that the messages sent by Defendants utilized an automatic telephone dialing system.
39. The texts were sent for the benefit of Democratic Victory PAC, Beto for Texas, Beto O'Rourke, and ActBlue. The texts contained a link to an ActBlue website. Defendant ActBlue would handle any campaign contributions. All these Defendants had an interest in the outcome of the election of individuals they support.
40. Plaintiff notes that he has existing pending actions against ACTBLUE LLC and Democratic Victory PAC, but that those other actions are not concerning the text messages in this Complaint. The events that gave rise to this Complaint are separate from those other actions and involve some different parties, as these texts in this Complaint are concerning Beto O'Rourke, while the texts in the other cases are concerning other political candidates.
41. The text messages were sent en masse to many individuals and were pre-written and not personalized in nature. Plaintiff has never provided his consent to be called or texted to Defendants.

42. The conduct alleged in this action was made willful and knowingly.
43. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.
44. Defendants did not have any consent to call Plaintiff.
45. Defendants are not an organization exempt from the TCPA.
46. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
47. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.
48. In total, Defendants and/or their affiliates placed at least five (5) automated text message calls to Plaintiff.
49. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.
50. Defendants have a pattern and/or practice of failing to comply with the TCPA.
51. The foregoing acts and omissions were in violation of the TCPA.
52. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
53. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
54. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
55. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
56. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
57. Plaintiff is also entitled to an award of costs.
58. Defendants' call was not made for "emergency purposes."

59. Defendants' call to Plaintiff were made without any prior express written consent.
60. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
61. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
62. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.
63. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.
64. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.
65. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.
66. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
67. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

68. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
69. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least five (5) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
70. Plaintiff was statutorily damaged at least five (5) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.
71. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $7,500.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $7,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;

E. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G. Any other relief this Court deems proper.

Respectfully submitted,

Dated: October 31, 2022

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582